1036

MICHAEL LA POTA *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF COOK, Defendant-Appellee.

(No. 56874;

First District (5th Division)—March 23, 1973.

George B. Collins and Jeffrey Schulman, both of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Daniel P. Coman and James A. Rooney, Assistant State's Attorneys, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiffs appeal from the dismissal of their complaint which alleged that the defendant, County of Cook, was liable for damage done to plaintiffs' property due to the "Dixmoor riots" on August 15 through August 21, 1964. This appeal was originally filed in the Illinois Supreme Court but was transferred to this court.

In their complaint plaintiffs relied on Section 25—3 of the 1965 Criminal Code (Ill. Rev. Stat. 1965, ch. 38, par. 25—3) which provided in relevant part:

"(a) Any person suffering material damage to property,. * * * as a result of any of the following unlawful activities shall have an action against the county in which such damage * * * is inflicted:

(1) Mob action by 6 or more persons; * * *."

This section was repealed on July 31, 1967, (Laws of 1967, p. 2365) and in *Shelton v. The City of Chicago*, 42 Ill.2d 468, 248 N.E.2d 121, it was

held that the repealing act served to bar all claims under this section wherein final relief had not been obtained prior to July 31, 1967.

Plaintiffs' complaint, along with their demand for a jury trial, was filed on August 11, 1965. The case never reached the trial call and was dismissed on March 26, 1970, in reliance on *Shelton.*

On appeal plaintiffs contend that the large backlog of cases in the Law Division of the Circuit Court of Cook County was the reason they were unable to obtain final relief prior to the repealing act; that they were thus deprived of their rights under Article II, Section 19 of the 1870 Illinois Constitution (then in effect), which provided:

> "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay."

Plaintiffs also contend that they were denied their right to equal protection under the Fourteenth Amendment to the United States Constitution. They argue that had their case been filed in a county other than Cook, final relief could have been obtained prior to the repeal of Section 25—3, *supra.*

*Opinion*

■■  We find it unnecessary to address plaintiffs' substantive arguments for the simple reason that the defendant in this action, the County of Cook, is not responsible for establishing and operating the circuit court system in Cook County. It therefore cannot be held liable (assuming that either of plaintiffs' theories of recovery is a viable one) due to the backlog of cases therein.

■■  The powers of a county are set forth in Ill. Rev. Stat. 1965, ch. 34, par. 303. Nowhere in this section is it provided that a county has the power, in itself, to affect matters which pertain to the backlog of cases in the circuit court system within which it lies.*  Rather, the Illinois General Assembly, guided by the provisions of Article VI of the 1870 Illinois

---

* The main power that Cook County has with respect to the circuit court system within it, is the power to grant supplemental compensation to its judges as provided in Article VI, Section 17 of the 1870 Illinois Constitution, as amended at the date of this action was filed, but only then, after the enactment of enabling legislation by the General Assembly. See Ill. Const. Art. VI, Sec. 17. (See also Ill. Rev. Stat. 1965, ch. 34, pars. 5651, 5652, irrelevant here, but which permit counties with a population of over 500,000 to create a Judicial Advisory Council which shall study means of improving the administration of justice in the county and submit suggestions and recommendations for such improvement (if they relate to legislation) to the County Board which in turn shall submit them to the State Judiciary Advisory Council.)

Constitution (in effect at the relevant time) determines the number of judges in each circuit (see Ill. Rev. Stat. 1965, ch. 37, par. 72.2), their rate of compensation (see 1870 Ill. Const. Art. VI, Sec. 17) and the other aspects which control the circuit court judiciary system. (See Ill. Rev. Stat. 1965, ch. 37, par. 72.1, *et seq.*) Further, since 1964 the Illinois Constitution has provided that general administrative authority over the entire state judicial system is lodged in the Illinois Supreme Court. Ill. Const. Art. VI, Sec. 2.

For this reason the decision is affirmed.

Affirmed.

ENGLISH and LORENZ, JJ., concur.

